IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LOGAN DERNOSHEK, on behalf of himself and all others similarly situated,

     Plaintiff,

  v.

FIRSTSERVICE RESIDENTIAL, INC., et al.,

     Defendants.

1:21-CV-56

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

  The plaintiff, Logan Dernoshek, seeks to remand this putative class action to state court. This court has subject matter jurisdiction over this class action, which has more than 100 class members, an amount in controversy exceeding $5,000,000, and minimally diverse parties. Mr. Dernoshek has not established that the "local controversy" exception applies. The motion to remand will be denied.

### CLAIMS AND ISSUES PRESENTED

  Mr. Dernoshek filed suit against the defendants in the Superior Court of North Carolina. *See* Doc. 3. He brings numerous state law claims arising out of fees the defendants charged him to confirm that he was not delinquent in his homeowner's association fees when he sold his residence.

Specifically, he asserts that the defendants violated three North Carolina statutes: (1) a North Carolina statute prohibiting transfer fee covenants, N.C. Gen. Stat § 39A-1 *et seq*., Doc. 3 at ¶¶ 144–54; (2) the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq*., Doc 3 at ¶¶ 155–63; and (3) the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq*., Doc. 3 at ¶¶ 173–94. He also asserts North Carolina common law claims for negligent misrepresentation, Doc. 3 at ¶¶ 164–72, unjust enrichment, *id*. at ¶¶ 195–200, and civil conspiracy. *Id.* at ¶¶ 211–16. Finally, he asks for a declaratory judgment that the fees charged are illegal transfer fees in violation of N.C. Gen. Stat. § 39A-1 *et seq.* Doc. 3 at ¶¶ 201–10. Mr. Dernoshek seeks certification of a class comprised of "[a]ll individuals who were charged and paid Resale Fees to FirstService for property sales in North Carolina," and of a subclass of "[a]ll individuals who paid Resale Fees to FirstService and HomeWise for property sales in North Carolina." *Id.* at ¶ 133.

After NextLevel Association Solutions, Inc., d/b/a/ HomeWiseDocs.com, was named as a defendant in the amended complaint, it removed the case to the Middle District pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See* Doc. 1 at ¶ 9. In his motion to remand, Mr. Dernoshek contends that HomeWise has not met the amount in controversy required for CAFA removal and that the "local controversy" exception applies. *See* Doc. 22 at 3. After HomeWise filed evidence in support of the amount in controversy, Mr. Dernoshek implicitly conceded subject matter jurisdiction under CAFA, *see* Doc. 29 at 14, ignoring the issue in his reply brief and addressing only the issue of whether the local controversy exception applies.

## DISCUSSION AND FINDINGS

The Class Action Fairness Act of 2005 "gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014); *see* 28 U.S.C. §§ 1332(d)(2), (5)(B). When a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through CAFA removal, the defendant carries the burden of alleging in the notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Dart Cherokee,* 574 U.S. at 88–89; *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir. 2008) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.") (cleaned up).

A defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee*, 574 U.S. at 89. But when removal is challenged, the removing party bears the burden of producing evidence establishing the amount in controversy by a preponderance of the evidence. *Id*. at 88–89 (citing § 1446(c)(2)(B)).

Here, it is undisputed that the class has more than 100 members and that the parties are minimally diverse. *See* Doc. 22; Doc. 27 at 6; Doc. 29 at 6. HomeWise plausibly alleged that the amount in controversy exceeded the jurisdictional threshold, *see* Doc. 1 at ¶¶ 15–23. When challenged by Mr. Dernoshek in the motion to remand, *see* Doc. 22, HomeWise provided evidence demonstrating that the amount in controversy

3

exceeded $5,000,000. *See* Doc. 27-1. Mr. Dernoshek has not disputed that evidence nor offered any evidence to the contrary.

For jurisdictional purposes only, the Court finds by the preponderance of the evidence that there are over 100 class members and likely to be at least 8,000 class members, that the parties are minimally diverse, and that the amount in controversy is well over $5,000,000. Specifically, Mr. Dernoshek is seeking thousands of dollars in actual, statutory, treble, and punitive damages for each class member. Indeed, Mr. Dernoshek alleges each class member is entitled to up to $4,000 on the Debt Collection Act claim, Doc. 3 at p. 38 ¶ 4, which results in well over $5,000,000 in controversy on that claim alone. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

Mr. Dernoshek contends that the case is subject to mandatory remand under the "local controversy" exception to CAFA jurisdiction in § 1332(d)(4)(A). *See*, *e.g.*, Doc. 22 at 6. Mr. Dernoshek, as the party seeking remand, has the burden of proving that this exception applies. *See Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 335–36 (4th Cir. 2019); *Eakins v. Pella Corp.,* 455 F. Supp. 2d 450, 452 (E.D.N.C. 2006); *Laws v. Priority Tr. Servs. of N.C., L.L.C.*, No. 3:08-CV-103, 2008 WL 3539512, at *4 (W.D.N.C. Aug. 11, 2008).

By statute, a party seeking to invoke this exception must show that:

(1) more than two-thirds of the members of the proposed plaintiff class are citizens of the state where the suit was filed originally;

(2) at least one defendant
    (a) is a defendant from whom members of the plaintiff class are seeking "significant relief,"

4

<blockquote>

(b) is a defendant whose conduct "forms a significant basis" for the proposed plaintiff class's claims, and

(c) is a citizen of the state in which the action originally was filed;

(3) the principal injuries stemming from the conduct alleged in the complaint occurred in the state where the action was filed originally; and

(4) in the three years before the filing of the class action complaint, no other similar class action was filed against any of the defendants on behalf of the same or other class.

</blockquote>

*See Quicken Loans Inc. v. Alig*, 737 F.3d 960, 964 (4th Cir. 2013); *accord Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 506–07 (3d Cir. 2013). If this exception applies, then the Court is "required to decline to exercise jurisdiction over the action and remand it to state court." *Quicken Loans*, 737 F.3d at 964.

Mr. Dernoshek has shown, without dispute by HomeWise, that all but two of these requirements have been met. For purposes of this order, the Court finds by the preponderance of the evidence that at least one defendant, FirstService, is a citizen of North Carolina, the state in which the action was originally filed; that FirstService's conduct forms a significant basis for the claims asserted; that Mr. Dernoshek seeks significant relief from FirstService, the local defendant; and that the principal injuries occurred in North Carolina. This leaves two requirements for consideration: the two-thirds-citizenship requirement and the no-other-class-action requirement.

It is not at all clear that Mr. Dernoshek has shown that over two-thirds of the putative class are citizens of North Carolina. The putative class is not limited by

5

definition to North Carolina residents or citizens,[1] and Mr. Dernoshek did not initially offer any evidence in support of this assertion.[2]  In his reply brief, he relies on census data, but there appears to be a circuit split as to whether this can be adequate evidence to show citizenship for CAFA exception purposes.  *See Smith v. Marcus & Millichap, Inc.*, No. 18-14797, 2021 WL 939184, at *1 (11th Cir. Mar. 12, 2021) (holding that "studies, surveys, and census data" that "do not directly involve the plaintiffs in this case" are not sufficient to establish that a certain percentage of the plaintiff class are citizens of a particular state); *Hollinger v. Home State Mut. Ins.*, 654 F.3d 564, 572 (5th Cir. 2011) (considering census evidence).

The Court need not resolve this question because it is undisputed that another class action has been filed within the relevant time "asserting the same or similar factual

---

[1] Several circuit courts have recognized that class-action plaintiffs can prove that two-thirds of the putative class are citizens of a certain state by limiting the class definition to citizens of that state.  *See Smith v. Marcus & Millichap, Inc.*, No. 18-14797, 2021 WL 939184, at *8 (11th Cir. Mar. 12, 2021) (collecting cases).

[2] Mr. Dernoshek asserted that because the class members are individual sellers of North Carolina residential real estate, the Court can presume that they were residents and thus citizens of North Carolina.  The second inference is probably fair:  If the individual class members are residents of North Carolina, the Court might be able to presume they are citizens of North Carolina.  *See Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 392 (6th Cir. 2016); *but see Smith*, 2021 WL 939184, at *10 (rejecting the view that proof of residency alone is enough to prove citizenship for the local controversy exception).  But there is nothing to show that the sellers are residents of North Carolina.  No doubt some, maybe even many, did reside in the homes that they sold and which were subject to the fees charged by the defendants.  But some, perhaps many, might have been landlords, and some, perhaps many, might have moved out of state before selling the property.  The citizenship inquiry under the local controversy exception is to be "practical and reasonable," *Hollinger v. Home State Mut. Ins.*, 654 F.3d 564, 572 (5th Cir. 2011), but that is not a license to speculate or guess.  *See Smith*, 2021 WL 939184 at *9 (noting that courts "cannot rely only on a series of purportedly reasonable inferences to determine citizenship" and collecting cases).

allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii).  Specifically, another individual seller of real property has filed the same claims against HomeWise in *Carpenter v. William Douglas Management, Inc.*, No. 3:21-cv-00019-RJC-DCK, Doc. 1-3 (W.D.N.C. Jan. 13, 2021).  *See generally* Doc. 27-2.

In that case, Susan Carpenter has brought claims against HomeWise and others arising out of the imposition of exactly the same fees as those at issue here.  She asserts those claims on behalf of herself and others in a putative class.  And those claims are virtually identical; she, like Mr. Dernoshek, asserts claims for violation of (1) a North Carolina statute prohibiting transfer fee covenants, N.C. Gen. Stat. § 39A-1, *et seq.*, Doc.27-2 at ¶¶ 145–56; (2) the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.*, Doc 27-2 at ¶¶ 157–65; and (3) the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50 *et seq.*, Doc. 27-2 at ¶¶ 175–96.  She also asserts common law claims under North Carolina law for negligent misrepresentation, Doc. 27-2 at ¶¶ 166–74; unjust enrichment, *id*. at ¶¶ 197–202; and civil conspiracy, *id*. at ¶¶ 213–18.  Finally, she asks for a declaratory judgment that the fees charged are illegal transfer fees in violation N.C. Gen. Stat. § 39A-1 *et seq.*, Doc. 27-2 at ¶¶ 203–12.

As to HomeWise, these claims are based on the same facts as here:  that HomeWise charged unreasonable fees in exchange for a small service provided to class members for home closings in North Carolina.  The Court finds by a preponderance of the evidence that another class action has been filed within the relevant time asserting the same or similar factual allegations against HomeWise on behalf of the same or other

7

persons. Therefore, the local controversy exception does not apply and remand is not required.

Mr. Dernoshek contends that the "other-class-action" requirement should be read as limited to other class actions in other states, not to other in-state class actions. While there is some support in the case law for this position, *see Logan v. CLUB Metro USA LLC*, No. CV 15-6773 (JLL), 2015 WL 7253935, at *2–*4 (D.N.J. Nov. 17, 2015), the better-reasoned view is to the contrary. *See Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 909–10 (6th Cir. 2017); *Carter v. CIOX Health, LLC*, 260 F. Supp. 3d 277, 286–87 (W.D.N.Y. 2017).

The statute says what it says very clearly: If another "class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons," the exception does not apply. 28 U.S.C. § 1332(d)(4)(A)(ii). As a settled principle, "unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." *Hillman v. I.R.S.,* 263 F.3d 338, 342 (4th Cir. 2001). There is no ambiguity in the statute's language, which is neither absurd nor demonstrably at odds with clearly expressed congressional intent. *See id.*; *accord In re Sunterra Corp.*, 361 F.3d 257, 265 (4th Cir. 2004).

Mr. Dernoshek also points out that the defendants do not completely overlap, so the factual allegations are not identical. That is so; the cases involve different property management companies that assessed some of the fees at issue. *Compare* Doc. 3 at ¶ 13 (identifying defendant FirstService as the property management company) *with* Doc. 27-2 at ¶¶ 14–15, 17) (identifying Williams Douglas Property Management as the property

management company in *Carpenter*). But the statute does not say that the factual allegations must be identical. It says that remand is required if the other class action asserts "the same or similar factual allegations against any of the defendants." 28 U.S.C. 1332(d)(4)(A)(ii). The factual allegations against HomeWise in *Carpenter* are "the same or similar" as the allegations against HomeWise in this case. *Compare* Doc. 3 at ¶¶ 13, 24–26, 37–46 (detailing facts as to HomeWise in this case) *with* Doc. 27-2 ¶¶ 17, 21, 36–42 (detailing facts as to HomeWise in *Carpenter* complaint).

The Court has subject matter jurisdiction pursuant to CAFA. The "local controversy" exception does not apply. The motion to remand will be denied.

It is **ORDERED** that the plaintiff's motion to remand to state court, Doc. 21, is **DENIED**. HomeWise's motion to file a sur-reply, Doc. 31, is **DENIED** as moot. The motions to dismiss, Docs. 19, 23, remain pending subject to completion of the briefing.

This the 19th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE

9

Case 1:21-cv-00056-CCE-JLW Document 32 Filed 03/19/21 Page 9 of 9